IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **BRENDA K. MILAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action Nos. 5:08-0963 |
| | ) | 5:08-1437 |
| **DR. JAMES B. PEAKE, Secretary,** | ) | |
| **Department of Veterans Affairs,** | ) | |
| | ) | |
| **Defendant,** | ) | |

**O R D E R**

Pending before the Court is Plaintiff's Motion for Sanctions (Document No. 34.), filed on June 9, 2009. Specifically, Plaintiff seeks sanctions against Defendant based upon the following: (1) "Failure to notify opposing party in timely manner of filing of Motion for Extension of Time to Answer Plaintiff's Complaint (Document No. 24.), thus not allowing me a chance to object"; (2) "Failure to comply with Judge VanDervort's Scheduling Order, and by not returning my phone calls"; (3) "Attempting to intimidate me by letter to me dated June 2, 2009"; and (4) "Giving misleading information to a Federal Judge (Judge VanDervort) in a civil action, in an attempt to avoid sanctions for not complying with a Federal Court Order (Rule 26(f) meeting)." (Id., pp. 1 - 7.)

On July 30, 2008, Plaintiff, acting *pro se*, filed her Complaint claiming entitlement to relief pursuant to the Civil Rights Act, and an Application to Proceed *in Forma Pauperis* in Civil Action No. 5:08-0963. (Civil Action No. 5:08-0963, Document Nos. 1 and 2.) On December 18, 2008, Plaintiff filed a Complaint initiating Civil Action No. 5:08-01437 also claiming entitlement to relief pursuant to the Civil Rights Act, and an Application to Proceed *in Forma Pauperis*. (Civil Action No. 5:08-1437, Document Nos. 1 and 2.) By Order entered on December 19, 2008, the undersigned

granted Plaintiff's Application to Proceed *in Forma Pauperis* in Civil Action No. 5:08-0963. (Civil Action No. 5:08-0963, Document No. 5.) On December 31, 2008, Plaintiff paid the $350.00 filing fee in Civil Action No. 5:08-0963, and the Clerk issued process. (Id., Document Nos. 8 - 12.) On March 6, 2009, Defendant filed his Answer to Plaintiff's Complaint in Civil Action No. 5:08-0963. (Id., Document No. 13.) By Order and Notice entered on March 10, 2009, the Court set forth specific dates on which certain events must occur in Civil Action No. 5:08-0963, which included the Rule 26(f) meeting and the filing of the Rule 26(f) Report. (Id., Document No. 14.) On March 13, 2009, Plaintiff filed a Motion for an Extension of Time concerning the deadlines set forth in the Court's Order and Notice in Civil Action No. 5:08-0963. (Id., Document No. 15.) By Order dated March 16, 2009, the undersigned granted Plaintiff's Motion for an Extension of Time in Civil Action No. 5:08-0963 and rescheduled the deadlines for conducting the Rule 26(f) meeting to June 2, 2009, and the filing of the Rule 26(f) Report to June 9, 2009. (Id., Document No. 16.)

    By Order entered on March 26, 2009, the undersigned consolidated Civil Action Nos. 5:08-0963 and 5:08-1437, and designed Civil Action No. 5:08-0963 as the lead action. (Id., Document No. 17.) On March 26, 2009, the Clerk issued process as to Plaintiff's Complaint originally filed in Civil Action No. 08-1437. (Id., Document No. 19.) On May 26, 2009, Defendant filed a Motion to Extend Time to File an Answer, which this Court granted by Order dated May 27, 2009. (Id., Document Nos. 24 and 25.) On June 1, 2009, Defendant filed his "Answer to Plaintiff's Consolidated Complaints." (Id., Document No. 27.) On June 3, 2009, Defendant filed a "Motion for Relief From Court Order" requesting "that the Court conduct the currently scheduled June 23, 2009, Scheduling Conference in lieu of, and rather than, the parties submitting a Rule 26(f) report." (Id., Document No. 30.) In support of the Motion, Defendant stated as follows:

> On June 2, 2009, Plaintiff and undersigned counsel spoke by telephone regarding the case and its progression to a trial date. Plaintiff repeatedly expressed her unfamiliarity with the Rules of Civil Procedure and her complete frustration at being unrepresented by counsel. Due to Plaintiff's *pro se* status and unfamiliarity with the Federal Rules of Civil Procedure, Defendant submits that reaching agreeable dates for the course of this litigation would be greatly advanced by the parties attending a scheduling conference with the Court as scheduled.[1]

(Id.) By Order entered on June 5, 2009, the undersigned (1) granted Defendant's Motion for Relief From Court Order, (2) vacated its Order dated March 16, 2009, to the extent it required the parties to file a report of Rule 26(f) meeting and Scheduling Order Worksheet, and (3) notified the parties that the Court would conduct a Scheduling Conference on June 23, 2009. (Id., Document No. 33.) On June 9, 2009, Plaintiff filed the instant Motion for Sanctions. (Id., Document No. 34.) On June 23, 2009, the undersigned conducted the Scheduling Conference and entered a Scheduling Order. (Id., Document Nos. 35 and 36.)

Rule 16(f) provides for sanctions, including those sanctions set forth in Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney "fails to obey a scheduling or other pretrial order." The Rule further provides:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). Among the sanctions available under Rule 37(b)(2), the Court may prohibit the introduction of designated matters into evidence, strike pleadings, stay proceeding until the order is obeyed, dismiss the action, enter default judgment, or treat the failure to obey as contempt of court. See Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). "Dismissal is, however, the most severe of sanctions

---

[1] Upon request, the Court provided Plaintiff with a copy of Rule 26 of the Federal Rules of Civil Procedure. (Civil Action No. 5:08-0963, Document No. 28.)

that the Court can impose, reserved for 'flagrant cases' of bad faith and 'callous disregard' for the Court's authority, and, therefore, the Court must determine if dismissal is warranted." Stevens v. Federated Mut. Ins. Co., 2006 WL 2079503 (N.D.W.Va. July 25, 2006) (internal citations omitted). "The imposition of sanctions under Rule 37(b) is wholly within the trial court's discretion, but '[i]t is not . . . a discretion without bounds or limits.'" Carney v. KMart Corp., 176 F.R.D. 227 (S.D. W.Va. 1997) (quoting Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995). There is a four-part test in determining whether sanctions are warranted under Rule 37. "Specifically, the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001); see also, Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

Based upon a liberal reading of Plaintiff's Motion, the undersigned finds that the main complaint contained in Plaintiff's Motion for Sanctions concerns Defendant's alleged failure to comply with the Court's Order dated March 16, 2009. The undersigned notes that Plaintiff's Motion is improper and without merit to the extent she is requesting that sanctions be imposed based upon (1) Defendant's failure to notify Plaintiff prior to filing a Motion for Extension of Time, (2) Defendant's failure to return Plaintiff's phone calls,[2] and (3) Defendant's alleged retaining of three defense lawyers in an attempt to intimidate Plaintiff. Thus, the undersigned will only address the

---

[2] The undersigned notes that Plaintiff acknowledges that defense counsel has communicated with Plaintiff through letters, e-mails, and phone calls. Plaintiff's main complaint appears to be that defense counsel did not immediately return her calls.

4

merits of Plaintiff's claim that sanctions should be imposed based upon Defendant's alleged failure to comply with the Court's Order dated March 16, 2009.

Applying the above four factors to the facts of the instant case, the Court finds that neither the sanctions under Rule 16(f) nor Rule 37 are warranted. First, the Court finds that Defendant did not act in bad faith in filing his Motion for Relief from Court Order dated March 16, 2009, which set forth the deadlines for the Rule 26(f) meeting and the filing of a Rule 26(f) Report. (Civil Action No. 5:08-0963, Document No. 16.) The undersigned notes that the March 16, 2009, Order was entered in Civil Action No. 5:08-0963 prior to the above cases being consolidated. Additionally, Defendant stated that "[d]ue to Plaintiff's *pro se* status and unfamiliarity with the Federal Rules of Civil Procedure . . . reaching agreeable dates for the course of this litigation would be greatly advanced by the parties attending a scheduling conference with the Court as scheduled." (Id., Document No. 30.) Secondly, any prejudice Plaintiff has suffered at this point is minimal. Although the parties did not conduct a Rule 26(f) meeting or file a Rule 26(f) Report, the undersigned conducted a Scheduling Conference and entered a Scheduling Order on June 23, 2009. (Id., Document Nos. 35 and 36.) The Court further instructed the parties to proceed with their Rule 26(a)(1)(A) initial disclosures. (Id., Document No. 36.) Regarding the third and fourth factors, the Court notes that noncompliance with a Court's Order certainly needs to be deterred. Defense counsel, however, did not disobey the March 16, 2009, Order by failing to conduct a Rule 26(f) meeting and failing to file a Rule 26(f) Report. The undersigned notes that Defendant's Motion for Relief From Court Order was granted and the Court's Order dated March 16, 2009, was vacated to the extent it required the parties to file a report of Rule 26(f) meeting and Scheduling Order Worksheet. (Id., Document No. 33.) Accordingly, it is hereby **ORDERED** that Defendant's Motion for Sanctions (Id., Document

No. 34.) is **DENIED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the rulings set forth above on this non-dispositive motion may be contested by filing, within 10 days, objections to this Order with District Judge Johnston. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to send a copy of this Order to counsel of record and Plaintiff, who is acting *pro se*.

ENTER: June 25, 2009.

R. Clarke VanDervort
United States Magistrate Judge